## J. I. CASE COMPANY *v.* BANK OF LANSING.

1. Banks and Banking—Checks—Collection—Credit.

   Defendant bank in receiving checks, which bore improper indorsements, from plaintiff depositor for collection, gave plaintiff revocable credit until defendant received final payment pursuant both to deposit agreement and statute (CL 1948, § 487-.602).

2. Same—Checks—Collection—Credit to Agent Bank.

   Defendant collecting bank received revocable credit from drawee banks for checks bearing improper indorsements which it presented at drawee banks for collection (CLS 1961, § 487.603).

3. Same—Checks—Collection—Finality.

   Revocable credit given collecting bank by drawee banks upon presentation of checks bearing improper indorsements for collection became irrevocable when drawee banks failed to refuse payment of such checks by midnight of next business day after receipt (CLS 1961, § 487.603).

4. Same—Depositor—Final Credit.

   Irrevocable credit received by depositor's bank for checks bearing improper indorsements collected for depositor by bank amounted to final payment and unconditional credit within meaning of deposit agreement and statute, so as to make credit to depositor's account irrevocable as to those items (CL 1948, § 487.602).

Appeal from Ingham; Peterson (William R.), J., presiding. Submitted Division 2 October 6, 1966, at Lansing. (Docket No. 1,690.) Decided November 22, 1966.

References for Points in Headnotes

[1, 3, 4]  10 Am Jur 2d, Banks §§ 402–413.
[2, 3, 4]  10 Am Jur 2d, Banks § 699.

Complaint by J. I. Case Company, a Wisconsin corporation, against Bank of Lansing, a Michigan banking corporation, to recover $2,840.44 charged by defendant to plaintiff's account in defendant bank. Judgment for plaintiff. Defendant appeals. Affirmed.

*Foster, Campbell, Lindemer & McGurrin* (*Richard B. Foster, Jr.,* of counsel), for plaintiff.

*Glassen, Parr, Rhead & McLean,* for defendant.

QUINN, P. J. Plaintiff sued defendant in Ingham county circuit court to recover the amount of 4 checks defendant charged back against plaintiff's account in said bank. Plaintiff had judgment and defendant appeals.

The sole issue presented is whether defendant had a right to charge these checks back to plaintiff's account without authority so to do from plaintiff.

The case was submitted at trial and here on stipulated facts which are as follows: plaintiff maintained a checking account with defendant, and on May 17, 1960, the checks here involved were deposited to that account for deposit only. Each check was payable to J. I. Case Company and Helz Contractors Machinery & Supply but bore the indorsement of Case only. All checks were drawn by the treasury of the county of Wayne, 2 on National Bank of Detroit, 1 on Detroit Bank & Trust Company, and 1 on Manufacturers Bank of Detroit. November 14, 1962, defendant wrote plaintiff to the effect that the Detroit banks were requesting the indorsement of Helz Contractors Machinery & Supply on these checks and defendant requested plaintiff to supply these indorsements or to authorize defendant to charge the checks against plaintiff's account with defendant so that reimbursement could be made to

the Wayne county road commission on whose accounts the checks were written.   Plaintiff could not furnish the requested indorsements and refused the requested authority.   December 31, 1962, defendant charged plaintiff's account with the checks and advised plaintiff of this action by letter of January 10, 1963.

The pertinent part of defendant's deposit agreement with plaintiff is as follows:

"In receiving items for deposit or collection, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care.   All items are credited subject to final payment in cash or solvent credit.   *   *   *   This bank or its correspondents may send items, directly or indirectly, to any bank including the payor, and accept its draft or credit as conditional payment in lieu of cash; it may charge back any item at any time before final payment, whether returned or not."

In effect at the time of deposit were CL 1948, § 487-.602 and CLS 1961, § 487.603 (Stat Ann 1957 Rev §§ 23.332 and 23.333), which provide so far as pertinent as follows:

"Where an item is deposited or received for collection, the bank of deposit shall be agent of the depositor for its collection and each subsequent collecting bank shall be sub-agent of the depositor but shall be authorized to follow the instructions of its immediate forwarding bank and any credit given by any such agent or sub-agent bank therefor shall be revocable until such time as the proceeds are received in actual money or an unconditional credit given on the books of another bank, which such agent has requested or accepted."

"In any case in which a bank receives   *   *   *   a demand item payable by, at or through such bank and gives credit therefor before midnight of the day of receipt, the bank may have until midnight

of its next business day after receipt within which to dishonor or refuse payment of such item. Any credit so given * * * may be revoked by returning the item, or if the item is held for protest or at the time is lost or is not in the possession of the bank, by giving written notice of dishonor, nonpayment, or revocation."

It appears that defendant gave plaintiff revocable credit for the checks, and in turn the Detroit banks gave defendant revocable credit therefor. When the latter credit became irrevocable by failure of the Detroit banks to comply with CLS 1961, § 487.603, *supra,* the defendant, in effect, received final payment and could no longer revoke the credit to plaintiff's account without authority so to do. By seeking such authority in its letter of November 14, 1962, we believe defendant recognized this to be the law.

Affirmed, with costs to appellee.

N. J. KAUFMAN and McGREGOR, JJ., concurred.